**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHAEL DAVID WILSON, | No. 12-55744 |
| Petitioner - Appellant, | D.C. No. 3:11-cv-00599-IEG-BLM |
| v. | |
| FRANK X. CHAVEZ and ATTORNEY GENERAL FOR THE STATE OF CALIFORNIA, | MEMORANDUM* |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Irma E. Gonzalez, Senior District Judge, Presiding

Argued December 10, 2014 Submitted March 17, 2015
Pasadena, California

Before: PREGERSON, NOONAN, and WARDLAW, Circuit Judges.

Michael David Wilson appeals the district court's denial of his habeas

corpus petition, in which he claimed he received an additional three years and four

months' imprisonment due to his public defender's ineffective assistance. We

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

have jurisdiction under 28 U.S.C. § 2253. We review de novo a district court's denial of a habeas petition, *Stanley v. Cullen*, 633 F.3d 852, 859 (9th Cir. 2011), and we affirm.

Wilson alleged the prosecutor made him a plea offer of six years, which he instructed his attorney to accept immediately, but the offer expired before she did so. We conclude the California Court of Appeal's application of *Strickland v. Washington*, 466 U.S. 668 (1984), was neither contrary to, nor an unreasonable application of, clearly established federal law because Wilson failed to establish sufficient prejudice. *See* 28 U.S.C. § 2254(d)(1); *Strickland*, 466 U.S. at 697. Nor was the state court's decision an "unreasonable determination of the facts in light of the evidence presented" because Wilson contradicted himself on the record, and failed to provide reasonably available supporting evidence. *See* 28 U.S.C. § 2254(d)(2); *Harrington v. Richter*, 131 S. Ct. 770, 785-87 (2011). Lastly, *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011)*,* bars federal courts from granting an evidentiary hearing where, as here, a claim was adjudicated on the merits in state court.

**AFFIRMED.**